Filed 12/23/24  P. v. Canterbury CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101288 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF00925) |
| v. | |
| DUSTIN WAYNE CANTERBURY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dustin Wayne Canterbury filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to Canterbury, we will affirm the judgment.

BACKGROUND

In February 2024, law enforcement responded to a report of a "suspicious vehicle."  Law enforcement found Canterbury inside the vehicle; dispatch advised them

1

he was required to register as a sex offender and his registration was out of compliance. Canterbury was arrested and booked in the county jail. The People subsequently charged Canterbury with failure to update his sex offender registration annually (Pen. Code, § 290.01, subd. (a)).

In March 2024, Canterbury pleaded no contest to the charge. Following its investigation, the probation department recommended the trial court sentence Canterbury to the upper term of three years in state prison. At sentencing, Canterbury asked to be placed on probation or, alternatively, to be sentenced to the lower term.

The trial court found Canterbury was ineligible for probation absent unusual circumstances, which were not present. The court also indicated that even if Canterbury were not presumptively ineligible for probation, the court would not grant probation because Canterbury's prior performance on probation was "unsuccessful." The court listed numerous aggravating factors and identified a single mitigating factor: Canterbury resolved the case early. On balance, the court concluded, the middle term was warranted and sentenced Canterbury to the middle term of two years in state prison. The court then imposed the minimum fines and fees and awarded Canterbury eight days of custody credit.

Canterbury filed a timely notice of appeal without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Canterbury was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Canterbury has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to Canterbury.  Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, P. J.



We concur:



_____/s/_____
ROBIE, J.



_____/s/_____
DUARTE, J.